**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 23-6727**

―――――――――――

LEANTHONY T. WINSTON,

            Petitioner - Appellant,

    v.

CHADWICK DOTSON,

            Respondent - Appellee.

―――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:18-cv-00577-RGD-RJK)

―――――――――――

Submitted:  November 26, 2024                    Decided:  December 10, 2024

―――――――――――

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――――

Dismissed by unpublished per curiam opinion.

―――――――――――

LeAnthony T. Winston, Appellant Pro Se.  Timothy Joseph Huffstutter, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LeAnthony T. Winston seeks to appeal the district court's orders accepting the recommendation of the magistrate judge, denying relief on Winston's 28 U.S.C. § 2254 petition, and denying his postjudgment motions. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Winston has not made the requisite showing. Because Winston failed to sufficiently explain why he did not present several of his claims to the state courts, we conclude that reasonable jurists could not debate the district court's denial of those claims as procedurally barred. *See Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) (explaining that "[w]hen a petitioner fails to comply with state procedural rules . . . the claim is procedurally defaulted and federal review is generally foreclosed"). Nor could reasonable jurists debate the district court's denial of Winston's claims challenging the conditions of his now-completed confinement

2

in state prison. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that challenge to "now-ended incarceration or parole" is moot unless "some collateral consequence . . . exist[s]" that court can redress (internal quotation marks omitted)). And although Winston argues that an evidentiary hearing on his claims was warranted, we conclude that the district court did not err in declining to order such a hearing. *See Juniper v. Zook*, 876 F.3d 551, 563 (4th Cir. 2017); 28 U.S.C. § 2254(e)(2).

Accordingly, we deny as moot Winston's motion to expedite, deny his remaining pending motions, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*